C. H. CAMFIELD *et al*, plaintiffs in error, *vs.* CARRIE R. SHAW, defendant in error.

A writ of error does not lie to an *ex parte* order for injunction granted in Chambers; there must first be a hearing upon a motion to vacate or modify the injunction. (R.)

After this Court has intimated its judgment upon a motion to dismiss a cause, counsel for plaintiff in error may withdraw the record to save costs. (R.)

Bill of Exceptions. Costs. Injunction. Before Judge CLARK. Dougherty county. Chambers. April, 1869.

Mrs. Shaw filed a bill against Camfield *et al.*, in which she prayed for injunction, etc. It was presented to the Chancellor *ex parte*, and without notice to the defendants he granted an injunction, restraining the defendants "from continuing in the possession of said premises, or from any act of ownership over the same, and all parties, so far as possession is concerned, are remitted to the condition of the property at

the time of the sale."  He further ordered that "if within twenty-four hours after notice" of said order, it was not obeyed, the sheriff should "execute the same."

Without filing any answer, or making any motion to dissolve the injunction, the defendants in the bill sued out a writ of error upon the grounds, that they had no notice of the application, because the orders were beyond the power of a Chancellor in Chambers, in that it compelled performance instead of enjoining, and because it decided the question of the right of possession of the premises without notice, and was inequitable and harsh.  When it was called here, a motion to dismiss it was made, because it was prematurely here, in that no motion had been made, nor any hearing had been had below.  This Court intimating that the motion was well taken, counsel for plaintiffs in error, to save costs, withdrew the record.

WRIGHT & WARREN, for plaintiffs in error.

STROZIER & SMITH, VASON & DAVIS, HINES & HOBBS, for defendants in error.